IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THE CINCINNATI LIFE INSURANCE COMPANY** | * | |
| | * | |
| **Plaintiff** | * | |
| v. | * | Civil Action No.   RDB-07-685 |
| | * | |
| **THE ESTATE OF PAMELA BURKE,** *et al.* | * | |
| | * | |
| **Defendants** | * | |

## MEMORANDUM OPINION

The Plaintiff, Cincinnati Life Insurance Company ("Cincinnati Life") has filed this Declaratory Judgment action against the Defendants, the Estate of Pamela Burke and Zachary Burke, individually and in his capacity as the trustee of the testamentary trust created under the last will and testament of Pamela Burke for the benefit of Matthew Burke ("Defendants" or "Burke"), seeking a declaration that the life insurance policy at issue is void from the date of its inception due to alleged material misrepresentations made by the decedent Pamela Burke.  While Cincinnati Life did not request a jury trial upon the filing of this Complaint, the Defendants filed a notice for jury demand with their answer.  (Papers No. 4 & 6.)  Pending before this Court is the Plaintiff's Motion to Strike the Defendants' jury trial demand.  (Paper No. 16.)  Both parties have briefed this question and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).

It is well established that the right to a jury trial in a declaratory judgment action depends on whether the action is simply a suit in equity or an action at law.  The parties have both cited the Supreme Court's opinion in *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500 (1959), in support of this principle.

This Court has previously held in *Connecticut General Life Insurance Co. v. Candimat Co.*, 83 F. Supp. 1, 2 (D. Md. 1949), that an action to cancel a life insurance policy due to the alleged misrepresentations of a defendant is an action in equity and there is no right to a jury trial at common law or by statute. In his opinion, Judge Chesnut specifically held that there is no right to a jury trial in an action such as the case at bar. *Id.* at 3. The Supreme Court's subsequent opinion in *Beacon Theaters* did not address the precise issue of a cause of action by an insurance company seeking a declaration that a life insurance policy is void due to alleged misrepresentations by the decedent. Indeed, "[a]n action for rescission or cancellation of a contract or other instrument is traditionally equitable and so was customarily decided by a court of equity before the merger of law and equity." *Mattingly v. Mattingly*, 607 A.2d 575, 580 (Md. Ct. Sp. App. 1992) (citing *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 212 (1937); *Conner v. Groh*, 90 Md. 674, 683 (1900) (stating that law is "without jurisdiction to cancel or reform a contract")). The cancellation and required surrender of an outstanding written contract is in the nature of extraordinary relief, which, by the principles of equity, should not be granted unless the proof is clear and convincing. Therefore, it has been recognized that such an issue, with the measure of required proof, should be submitted to a judge and not a jury. *See* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2335 (2d ed. 2007).

Accordingly, in light of this Court's previous decision and a review of the case law cited by the parties, the Defendants' notice for jury demand shall be stricken. A separate Order follows.

/s/
_____
Richard D. Bennett
United States District Judge

October 19, 2007